SMITHVILLE R–II SCHOOL
DISTRICT, Appellant,

v.

Richard W. RILEY, Secretary of
Education of the United States
of America, Appellee.

No. 93–3220.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 16, 1994.

Decided June 24, 1994.

Roger Guy Burnett, Liberty, MO, argued, for appellant.

Constance A. Wynn, Washington, DC, argued (Frank W. Hunger, Marietta Parker, Barbara C. Biddle and Constance A. Wynn, on the brief), for appellee.

Before BOWMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

HANSEN, Circuit Judge.

The Smithville R–II School District ("Smithville") sought financial aid from the United States Department of Education for fiscal years 1989 and 1990. Smithville contended that it was entitled to aid under 20 U.S.C. § 237, which provides for federal assistance to local school districts whose property tax revenues have been diminished because of federal acquisitions of property. The Secretary denied Smithville's application for aid, relying on 34 C.F.R. § 222.-102(b)(1)(i). Smithville then filed this action to challenge the validity of that regulation as applied to its application for aid. The parties filed cross-motions for summary judgment on stipulated facts. The district court granted the Secretary's motion and denied Smithville's motion. Smithville appeals. We reverse.

I.

This lawsuit has its genesis in our nation's response to the Second World War.

During World War II, the Federal Government found it necessary to carry out mobilization and war-production programs of unprecedented extent. These Federal

activities, involving as they did the removal of real property from the local tax rolls, and a sudden and substantial increase in the population of many areas, placed a tremendous financial burden on many American communities, with the result that many of these communities found it extremely difficult, if not impossible, to maintain and provide the necessary facilities and services for public education.

S.Rep. No. 2458, 81st Cong., 2d Sess. (1950), *reprinted in* 1950 U.S.C.C.S. 4014, 4014. After the war, the financial burden on local school districts remained. In 1950, the Senate Committee on Labor and Public Welfare stated that "the need for continued Federal assistance in these areas cannot be questioned." *Id.* That year, Congress passed the Educational Agencies Financial Aid Act, Pub.L. 81–874, 64 Stat. 1100, which also is known as the Impact Aid Act, "to provide financial assistance with respect to the operating expenses of those local school agencies upon which Federal activities have placed an undue financial burden." S.Rep. No. 2458, 1950 U.S.C.C.S. at 4015.

Under the Impact Aid Act, a school district "shall be entitled to receive" aid if three general conditions are present: if (1) "the United States owns Federal property in the school district," (2) the federal government's "acquisition [of property] has placed a substantial and continuing financial burden on" the school district, and (3) the school district "is not being substantially compensated for the loss in revenue resulting from such acquisition by increases in revenue accruing to the agency from the carrying on of Federal activities with respect to the property so acquired." 20 U.S.C. § 237(a)(1)–(3). The first of these three conditions is further limited; the federal property within the school district must have been acquired by the federal government after 1938, *id.* § 237(a)(1)(A), must not have been acquired as part of an exchange for other federal property, *id.* § 237(a)(1)(B), and must have had an assessed value at the time of acquisition that was 10% or more of the total assessed value of all property within the school district, *id.* § 237(a)(1)(C).

The Act also provides that the requirement contained in § 237(a)(1)(C), whether the value of federal property constitutes 10% or more of the value of all property, may be satisfied in either of two ways.

Where the school district of any local educational agency shall have been formed *at any time after 1938 by the consolidation of two or more former school districts, such agency may elect* (at the time it files [its] application under section 240 of this title) for any fiscal year to have (1) the eligibility of such local educational agency, and (2) the amount which such agency shall be entitled to receive, determined under this section only with respect to such of the former school districts comprising such consolidated school district as the agency shall designate in such election.

*Id.* § 237(c) (emphasis added). This provision recognizes that some consolidated school districts may contain federal property in an amount that is less than 10% of the present district but more than 10% of a constituent former school district. In such a case, the school district may elect the "former-district" basis for determining its eligibility and its amount of aid. It would then submit the relevant data of one or more of its former school districts.

In 1989, the Secretary changed the eligibility requirements of the Impact Aid program by promulgating the regulation that Smithville attacks here. Under the new regulation, as applied to Smithville, a school district "is eligible to receive section 2 assistance on the basis of a former school district if ... [t]he former school district upon which eligibility is based ... *[a]t the time of consolidation contained some eligible federal property*," 34 C.F.R. § 222.102(b)(1)(i) (emphasis added), and presently contains federal property that comprises 10% or more of the assessed property within the district, *id.* § 222.102(b)(1)(ii). In other words, under the new regulation, a school district may *not* elect the former-district basis with respect to any former district that was consolidated into the present district *before* the federal government acquired property within the former district. The Secretary's notice of final rulemaking explained that the purpose of

§ 237(c) was to avoid creating a disincentive to consolidate and that the new regulation would better fulfill that purpose because "[i]f a former school district had no Federal property before consolidation, little—if any—disincentive is created by requiring the consolidated district to qualify as a whole." *See* Assistance for Local Educational Agencies, 54 Fed.Reg. 30039, 30039 (1989).

## II.

In this case, the parties stipulated to the essential facts during the administrative proceedings before the Department and then submitted the administrative record to the district court. In short, the Smithville R–II School District consists of a number of former school districts that were consolidated between 1939 and 1971. The United States Army Corps of Engineers acquired 8,778.33 acres of land within the present Smithville district between 1972 and 1981. The Corps used the property to build Smithville Reservoir which was intended to control flooding on the Little Platte River. (*See* Appellant's App. at 99–104.)

Between 1975 and 1987, Smithville sought and received $537,369.70 in impact aid, and at the time of the administrative hearing, Smithville's aid for 1988 was tentatively set at $56,330.87. (Appellant's App. at 16.) In each of these years, Smithville elected to have its eligibility for aid and its amount of aid determined by the former-district basis. Smithville had relied on the fact that the Smithville Reservoir property is 72.64% of the value of the former Benson District, which was consolidated into the present district between 1939 and 1949; that it is 34.24% of the former Rocky Point District, which was consolidated in 1958; that it is 65.52% of the former Paradise District, which was consolidated in 1965; and that it is 90.03% of the former Downing District, which was consolidated in 1966. (*Id.* at 17.) Smithville elected the former-district basis because the value of the Smithville Dam and Lake property is approximately 9% of the value of all property in the present district. (*Id.*)

But on July 17, 1990, the director of the School Assistance Division of the Impact Aid Program informed Smithville's superintendent that Smithville was ineligible to receive aid in 1989 and 1990 because it could no longer use the former-district basis. (*Id.* at 62.) Smithville filed administrative appeals, which ultimately resulted in the Secretary's denial of aid. (*Id.* at 108–10.) Smithville then sought judicial review of the Secretary's decision. *See* 20 U.S.C. § 240(g); 5 U.S.C. § 702. The district court entered judgment for the Secretary, and Smithville appeals.

## III.

Smithville argues that 34 C.F.R. § 222.102(b)(1)(i) is invalid because it is inconsistent with 20 U.S.C. § 237(c). When reviewing an agency's interpretation of a statute, we first ask "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984). We must defer to the agency's interpretation of a statute if the interpretation is not in conflict with the plain language of the statute. *K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 292, 108 S.Ct. 1811, 1818, 100 L.Ed.2d 313 (1988). But if the agency's interpretation is inconsistent with the plain language of a statute, we must conclude that the agency's interpretation is improper because "no deference is due to agency interpretations at odds with the plain language of the statute itself." *Ohio Pub. Employees Retirement Sys. v. Betts,* 492 U.S. 158, 171, 109 S.Ct. 2854, 2863–64, 106 L.Ed.2d 134 (1989).

Smithville argues that the limitation contained in the regulation, which requires that a former school district have contained federal property acquired after 1938 at the time it was consolidated into the present school district, 34 C.F.R. § 222.102(b)(1)(i), is inconsistent with the statute it purports to implement, which provides simply that a school district "may elect" the basis of its eligibility if it was "formed at any time after 1938 by the consolidation of two or more former school districts," 20 U.S.C. § 237(c). The

**58**

Secretary admits that the department's policy has changed, (Appellee's Br. at 5), but argues that the regulation is a reasonable interpretation of a statute that is silent on the specific issue the regulation addresses, (*see id.* at 10).

 We agree with Smithville. The statute speaks directly to the issue of whether a school district may elect the former-district basis if its former districts were consolidated before the federal government acquired property within the district. *See Chevron,* 467 U.S. at 842–43, 104 S.Ct. at 2781–82. The statute confers the right to elect the basis for eligibility upon all school districts that were formed by a consolidation that occurred "at *any* time after 1938," regardless whether the consolidation occurred before or after the federal acquisition of property. *See* 20 U.S.C. § 237(c) (emphasis added). The statute does not carve out an exception that deprives a school district of the right to elect if its consolidation preceded the federal acquisition of property. Although the will of Congress is clear, the Secretary has imposed an additional criterion on applications for aid that is inconsistent with the criteria prescribed by the statute. The agency's policy justification for the additional criterion might be a reasonable one or even a good one, but it is contrary to the policy decision Congress made in 1950, which is clearly expressed in the statute.

"[T]hat is the end of the matter." *Chevron,* 467 U.S. at 842, 104 S.Ct. at 2781. The regulation must yield to the statute and is thus invalid as applied to Smithville. The Secretary may not deny Smithville's application by relying on 34 C.F.R. § 222.-102(b)(1)(i). Smithville is entitled to elect the former-district basis despite the fact that the former school districts were consolidated before the federal government acquired property within the present district.

### IV.

We therefore reverse the judgment of the district court and remand for further proceedings consistent with this opinion.